UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TYRAY A. BRADLEY, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-1065-DRL-AZ |
| GALIPEAU, SONNENBERG, J.FARLEY, T. CORNETT, CORNETT, MILLER, WOODS, COX, NOLAN, HILLSON, and JONES, | |
| Defendants. | |

OPINION AND ORDER

Tyray A. Bradley, Jr., a prisoner without a lawyer, filed a complaint that contains two unrelated claims. In one claim, he sues Warden Galipeau, Unit Team Manager Sonnenberg, Captain J. Farley, Unit Team Manager T. Cornett, and Major Cornett about the general conditions of confinement at Westville Correctional Facility. Specifically, he alleges he has been forced to deal with a rodent infestation, an insect infestation, tainted water, inadequate heating in the winter, and inadequate cooling in the summer in each dorm he has been in at Westville. In another claim, he details one incident on November 24, 2023, in which his cell in the Westville Control Unit was flooded with sewage water from approximately 1:30 am to approximately 2:30 pm, and he was forced to remain in

those conditions the whole time, including having to eat his meals surrounding by the sewage water. He sues Officer Miller, Officer Cox, and Sergeant Nolan for this incident.[1]

These two claims are not related and cannot be brought in the same lawsuit. Claims are related either if the same defendant is involved in each claim <u>or</u> if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. FED. R. CIV. P. 18(a), 20(a)(2). The overall conditions of confinement at Westville are unrelated to how custody staff handled one instance in which Mr. Bradley's cell flooded.

"[U]nrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). When a plaintiff files a complaint with unrelated or mis-joined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants").

Mr. Bradley needs to decide which claim or set of related claims he wishes to bring in this case. To do so, he must put this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint." In the amended complaint, he should explain in his own words what happened, when it happened, where

---

[1] Mr. Bradley also names as defendants Officer Woods, Officer Hillson, and Lieutenant Jones, but does not mention them in the body of the complaint.

it happened, which specific defendants were involved, and how he was personally injured. If he wants to pursue any other claims, he must file a separate complaint, which will be assigned a new case number, for each unrelated group of claims.

For these reasons, the court:

(1) GRANTS Tyray A. Bradley, Jr. until **August 30, 2024**, to file an amended complaint that contains only related claims; and

(2) CAUTIONS Tyray A. Bradley, Jr. if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED.

July 31, 2024                              *s/ Damon R. Leichty*
                                           Judge, United States District Court