UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TYRAY A. BRADLEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> GALIPEAU, SONNENBERG, J. FARLEY, T. CORNETT, CORNETT, MILLER, WOODS, COX, NOLAN, HILLSON, JONES, <br><br> Defendants. | CAUSE NO. 3:23-CV-1065 DRL-AZ |

OPINION AND ORDER

Tyray A. Bradley, Jr., a prisoner without a lawyer, filed a complaint that the court determined contained unrelated claims. ECF 1, ECF 19. The court instructed Mr. Bradley to file an amended complaint that contained only related claims. ECF 19. He was told if he did not do so, the court would choose a claim for him and dismiss the rest. *Id.* The deadline to file an amended complaint passed more than two months ago and he did not file an amended complaint. The court, therefore, will choose a claim for him. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (allowing district courts to solve the problem of a complaint with unrelated claims by "dismissing the excess defendants under Fed. R. Civ. P. 21").

In choosing a claim, the court will choose the first claim Mr. Bradley presents, which concerns the conditions of confinement at Westville Correctional Facility. The claim regarding the sewage flood in his cell against Custody Officer Miller, Custody

Officer Woods, Custody Officer Cox, Sergeant Nolan, Custody Officer Hillson, and Lieutenant Jones will be dismissed without prejudice. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Bradley alleges that ever since September 1, 2022, he has been forced to live in adverse conditions at Westville Correctional Facility. He alleges he has been forced to deal with a rodent infestation, an insect infestation, tainted water, and temperature issues. He says that in the summer there are cooling issues, and in the winter there are heating issues. Mr. Bradley alleges he has faced these conditions in all the dorms he has been housed in, including Educational Complex C1 and D1-East, General Services Complex 3Dorm, 10Dorm, and 8-Center, and Westville Control Unit (C3-106). He has been told there are rodent traps available, but every time he asks for one, he is denied.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized

measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (citations and quotations omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (when inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Mr. Bradley's allegations are too vague to state a claim for relief. He says there is a rodent infestation and an insect infestation, but he does not provide any details about the extent of the infestation. Pest infestations can become a constitutional violation if they present a substantial risk of harm to the inmate by, for example, raising sanitation concerns or physically harming the inmate. But Mr. Bradley provides no detail about the degree of the rodent and insect infestation or how it affected him. *See, e.g., Smith v. Dart,* 803 F.3d 304, 312 (7th Cir. 2015) ("[A]lthough he alleged that mice and cockroaches

3

are present in the jail, he did not allege facts from which one could infer that the degree of infestation rose to the level of constitutional concern").

Mr. Bradley also alleges there are issues in the summer in keeping the prison cool and issues in the winter in keeping the prison warm. But he doesn't provide sufficient detail about the extent of these problems and their effect on him. He also doesn't allege how the defendants were made aware of this issue or whether they took any steps to mitigate the effects of the temperature. S*ee Dixon v. Godinez*, 114 F.3d 640, 642-43 (7th Cir. 1997) (looking to whether alternative means of warmth were adequate to combat cold, the severity of the cold, and the duration of the condition in assessing Eighth Amendment claim).  Prisons may be uncomfortably hot or cold without being unconstitutionally hot or cold, and the complaint does not contain enough information for the court to reasonably infer on which side of the line Mr. Bradley's allegations fall. "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Wilson v. Seiter*, 501 U.S. 294, 305 (1991). The "frequency, severity, [and] duration" of the complained-of conditions are relevant to determining whether a condition meets the objective standard of an Eighth Amendment violation. *Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022). The complaint does not contain enough information to proceed on this claim.

Finally, Mr. Bradley alleges the water is "tainted." ECF 1 at 3. But he does not explain how the water is tainted or what effect the allegedly tainted water has on him. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff must do

4

better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Mr. Bradley believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DISMISSES without prejudice Custody Officer Miller, Custody Officer Woods, Custody Officer Cox, Sergeant Nolan, Custody Officer Hillson, and Lieutenant Jones pursuant to Federal Rule of Civil Procedure 21;

(2) GRANTS Tyray A. Bradley, Jr. until **March 18, 2025**, to file an amended complaint; and

(3) CAUTIONS Tyray A. Bradley, Jr. if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

February 14, 2025                              *s/ Damon R. Leichty*
                                               Judge, United States District Court